Turley, J.
delivered the opinion of the court.
We had examined this case upon authority, with the view of determining it under the general jurisdiction of a court of chancery over the persons and estates of minors; and its power in proper cases, to convert their estates, by changing realty into personalty, and personalty into realty, without regard to statutory provisions thereon; and were prepared, though not without some difficulty, to assert such jurisdiction; but upon a careful examination of the statute of 1827, ch. 54, we are well satisfied that this jurisdiction is given by it, if it did not exist before, and that we are freed from the necessity of look-, ing further for authority to' support the decree of the chancellor.
This statute provides in the 1st section, “that when the heirs or legal representatives of any deceased person shall inherit any real estate, and it may be of such a description, that it would be manifestly for the advantage of the heirs, or legal representatives of such deceased person, that the same be sold; it shall and may be lawful for any person or persons entitled to any part of such estate, to file his bill in the circuit or chancery court of the county or district where such lands may be situated, and upon satisfactory proof, that it would be manifestly for the interest of such heirs or representatives, that the same should be sold, said court may proceed to decree, that the same be sold, upon such terms and conditions as may seem most for the interest of the parties.”
By the 3d section it is provided, “that when any of the per *208 sons, whose lands may be sold under the provisions of this act, are minors, under the age of twenty-one years, it shall be the duty of the court decreeing such sale, to direct the manner in which the funds arising therefrom, belonging to such minor, shall be appropriated; and if such court should deem it expedient, said court may direct that said monies be laid out in the purchase of other lands for said minors.”
Now this statute obviously contemplates a, conversion of lands belonging to minors, by a decree of a court of chancery, when it shall be manifestly for their advantage that it 'shall be done. It is true the statute makes provision by its express terms for cases in which there are more than one heir or representative, by using the word heirs and representatives, the plural instead of the singular; but surely it will not be thought, that if such power is given to a court of chancery, when there are two or more minor heirs or representatives, that it is not given where there is but one; if this conversion was with the view to a division, the use of such words would not imply a like power when there could be no division; but a sale for the purpose of making a division is provided for by the same statute, and the conversion' now spoken of is when it may be for the advantage of the heirs, that it may be made.' Surely it is equally proper that this power should exist where there is but one heir, as well as where there are more, if it be for his advantage that the conversion should be made, and we are satisfied that the existence of such a power in such cases is necessarily implied from the statute. If this were not so, such a degree of formality in drawing statutes would be required, as to become difficult and perplexing. In this very statute, if the word heir or representative had been used in the singular, and not the words heirs or representatives, the plural, it could perhaps have been urged, with greater plausibility, that the power to make the conversion was not given in cases where there were heirs or representatives; and to obvi- *209 ateRfie difficulty, if it be allowed to exist, the statute should have been drawn so as to read “for the advantage of any heir or representative, when there is but one, or heirs or representatives, if there is more than one.” But we are satisfied that there is no difficulty in the construction of this statute, and that it covers the case of an heir or representative, as well as the case of heirs and representatives.
The proof in this case shows very satisfactorily, that it is for the advantage of the minor petitioner, George Campbell Brown, that the tract of land specified in the petition be converted into money, and we think that the chancellor was authorized under the statute to order the sale.
We, therefore, affirm his decree, and recommit the case to the chancery court, where the sale will, be perfected, and such steps taken as may be deemed meet and proper to secure the proceeds thereof to the minor.